**IT IS ORDERED as set forth below:**



**Date: January 4, 2019**

Edward J. Coleman, III
Chief United States Bankruptcy Court Judge

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-41637-EJC |
| | ) | |
| TARAHJUH NICOLE BURCH, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | |
| ──────────────────────── | ) | |
| | ) | |
| U.S. BANK TRUST NATIONAL | ) | |
| ASSOCIATION, AS TRUSTEE OF | ) | |
| BUNGALOW SERIES F TRUST, | ) | CONTESTED MATTER |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TARAHJUH NICOLE BURCH, and | ) | |
| O. BYRON MEREDITH, III, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| ──────────────────────── | ) | |

**DEFAULT ORDER LIFTING AUTOMATIC STAY**

PROF-2013-S3 Legal Title Trust ("PLTT"), filed a Motion for Relief from Stay on March 17, 2017 (Doc. No. 69) ("Motion"). On June 26, 2017, this Court entered its

Order on Motion for Relief from Stay (Doc. No. 87) ("Order").  U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust, c/o BSI Financial Services, its servicing agent (the successor in interest to PLTT) ("Movant"), filed an Affidavit of Default on December 17, 2018 (Doc. No. 102) subsequent to Debtor's default on the terms of the Order.  For good cause shown, it is hereby ORDERED AND ADJUDGED as follows:

1.

The Motion is hereby granted.

2.

The stay set forth in FBR 4001(a)(3) is hereby waived, and the automatic stay is hereby modified to permit Movant to pursue and enforce under non-bankruptcy law any and all rights it has in and to that certain real property as more particularly described in the subject loan documents and commonly known as 24 Pebble Rd., Pooler, GA 31322 ("Real Property"), including, but not limited to, advertising and conducting a foreclosure sale, seeking confirmation thereof in order to pursue any deficiency, and seeking possession of the Real Property.  However, Movant and/or its successors and assigns may offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement, short sale, deed in lieu of foreclosure, or any other type of loan workout/loss mitigation agreement.  Movant may contact Debtor via telephone or written correspondence to offer any such agreement.

3.

Movant shall remit any surplus funds from the foreclosure sale to the Chapter 13 Trustee.  The Chapter 13 Trustee shall cease funding Movant's pre-petition claim. Movant is granted leave to seek allowance of a deficiency claim, if appropriate, but Debtor and the Chapter 13 Trustee shall be entitled to object to said deficiency claim.

4.

Fed. R. Bankr. P. 3002.1 shall no longer apply to Movant upon entry of this Order.

[END OF DOCUMENT]

PREPARED BY:
Attorney for Movant

/s/ Marc E. Ripps
Marc E. Ripps
Georgia Bar No. 606515

P.O. Box 923533
Norcross, Georgia 30010-3533
(770) 448-5377
Email:  meratl@aol.com